354 So.2d 87 (1977)
Kenneth A. PLANTE, Dempsey J. Barron, Phillip D. Lewis, Jack D. Gordon and Jon C. Thomas, Petitioners,
v.
The FLORIDA COMMISSION ON ETHICS, Respondent.
No. HH-431.
District Court of Appeal of Florida, First District.
December 23, 1977.
*88 Tobias Simon, Charles L. Carlton, and Richard C. McFarlain, Tallahassee, for petitioners.
Robert L. Shevin, Atty. Gen., James D. Whisenand, Deputy Atty. Gen., and Douglas C. Kearney, Asst. Atty. Gen., for respondent.
MELVIN, Judge.
Petitioners, Senators Kenneth A. Plante, Dempsey J. Barron, Phillip D. Lewis, Jack D. Gordon, and Jon C. Thomas (hereinafter the Senators), seek review of an order of the Florida Commission on Ethics dated October 21, 1977, which purported to find probable cause to establish breach of public trust in that the Senators had violated Article II, § 8(a) and (h) of the Florida Constitution and sought to refer such finding to the President of the Senate for official action.
Complaints were filed with the Florida Commission on Ethics alleging that the Senators had violated Article II, § 8(a) and (h), Florida Constitution by failing "... to file full and public disclosure of financial interests as required by the Florida Constitution". After investigations of the complaints were conducted by the Commission, a public hearing was held on October 21, 1977, where the Commission voted to take the aforementioned actions.
Article II, § 8(f), Florida Constitution establishes an independent commission with the duty "... to conduct investigations and make public reports on all complaints concerning breach of public trust by public officers or employees not within the jurisdiction of the judicial qualifications commission". The Florida Commission on Ethics is the statutory commission brought into existence by Chapter 112, Part III, Florida Statutes. Article II, § 8(h), Florida Constitution provides that, until otherwise provided by law, the independent commission referred to in Article II, § 8(f), Florida Constitution shall mean the Florida Commission on Ethics. No legislation has been enacted which would purport to implement the provisions of Article II, § 8, Florida Constitution.
*89 Petitioners and respondent agree that no provision of Chapter 112, Part III, Florida Statutes is applicable to the issue before this court  namely, the authority of the Commission to do other than conduct an investigation and make a public report.
Article III, § 2, Florida Constitution provides that the Senate shall be the sole judge of the qualifications, elections, and returns of its members. The Senate has the power to punish or expel one of its members, Article III, § 4, Florida Constitution. Under Article III, § 5, Florida Constitution, the Senate is empowered to compel the production of documents relating to any matter under investigation by the Senate or any of its committees. Thus, the Senate has the sole power to determine if a Senator should be seated, unseated or otherwise disciplined.
The separation and independence of the executive, judicial and legislative branches of government is well-established and is one of the basic principles upon which our system of government is founded. One branch of government does not have the authority to dilute or destroy the powers vested in another branch. Just as the executive or judicial branch has no authority to determine the qualifications of a Senator to be seated, the Florida Commission on Ethics has no power to make this determination, or to enter a finding of probable cause.
Article II, § 8, Florida Constitution in no way dilutes the power vested in the Senate to serve as the sole body with authority to pass judgment on the discipline or qualifications of one of its members.
It, therefore, follows that under Article II, § 8, Florida Constitution, generally known as the Sunshine Amendment, the Florida Commission on Ethics has the authority to conduct an investigation of complaints alleging a violation of Article II, § 8, Florida Constitution and to make public its report by distribution to all news media or by filing the same with the Secretary of State as it may choose. The Commission has no authority to find probable cause that a member of the House or Senate has violated the Constitution.
When the provisions of the Constitution, as adopted by the citizenry of Florida, are clear and unambiguous, they are to be read and enforced as written. Rights thereunder are protected by the judiciary, the branch that also serves as a protector of the right of free speech and free press when challenged, without regard to popularity of the issue or lack thereof.
That portion of the order of the Florida Commission on Ethics purporting to find probable cause of a violation by the petitioners of Article II, § 8(a) and (h), Florida Constitution and purporting to direct the filing of such finding as an official document with the President of the Senate transcends the constitutional grant of power to the Commission and as such it is void. The stay order heretofore entered is now adjudged to be permanent.
BOYER, Acting C.J., and ERVIN, J., concur.