MELVIN, Judge.
Upon consideration of the pleadings filed in this cause by the petitioners and respondent and oral argument of counsel, this Court on December 23, 1977, 354 So.2d 87, rendered its opinion wherein it was considered, held and determined that, as to a member of the Legislature of Florida, the respondent was without authority to enter any judgment as to “probable cause” that failure on the part of such member to file financial disclosure statements constituted a breach of public trust. The authority of the respondent to conduct investigations, file its report and to disseminate the same was ruled upon. The Court' ruled that under Article III, Sections 2 and 4, Florida Constitution, the Senate is the sole judge of the qualifications and elections of its members and has the sole power to punish or to expel any one of its members. It follows, therefore, that the Senate has the sole power to adjudge that a Senator has committed any act, the effect of which would constitute a breach of the public trust and for which he should be unseated or otherwise disciplined.
It appears from the pleadings filed before this Court that the respondent Commission, on February 15, 1978, entered its formal order, paragraph 2(c) thereof, ruling that petitioners “by failing to file such disclosure, the above-named parties have breached the public trust.”
It is blatantly apparent that a body, such as the Commission, found without even the authority to find “probable cause” that an offense has been committed may not subsequently find such person “guilty” of a breach of the public trust by reason of failure to make such filing.
Paragraph 2(c) of the final order and public report of said Commission of date February 15, 1978, being in plain conflict with the order and opinion of this Court, is void and without any force and effect.
With reference to the petition to find the respondents in contempt of this Court, we find that they are not in contempt of court. Upon a reading of the transcript of the proceedings conducted by such respondents, it is clear that they acted upon inadequate legal advice and there is nothing before this Court to indicate that either commissioner did not act in good faith.
IT IS SO ORDERED.
BOYER, Acting C. J., and ERVIN, J., concur.